# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**ROBERT L. MONTGOMERY**                                                          **PLAINTIFF**

v.                                                          **CIVIL ACTION NO. 3:11-CV-111-S**

**ALL PARTIES INVOLVED et al.**                                                   **DEFENDANTS**

## MEMORANDUM OPINION and ORDER

Plaintiff, Robert L. Montgomery,[1] *pro se*, moves to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) in this case (DN 3). The Court concludes that Plaintiff cannot without undue hardship pay the fees or costs in this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (DN 3) is **GRANTED**.

This matter now stands submitted for screening pursuant to *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff's complaint names as Defendants in the caption portion of the complaint: "All parties involved up too the F.B.I. and my property they have insurance." The statement-of-the-claim portion of the complaint states in its entirety: "F.B.I. operation and fake witnesses or family observing in pleasure up where students or supposed too be learning from police operations and federal grounds homicide last had the evidence."

---

[1] The caption of the complaint also lists as plaintiffs "Family" and "Rosa Lee Jeanette." However, only Plaintiff Montgomery signed the complaint and submitted an application to proceed *in forma pauperis*. Plaintiff Montgomery may not represent others in federal court. *See*, *e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). The Court therefore considers Plaintiff Montgomery as the sole Plaintiff in this action.

**II.**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory against any of the named Defendants and fails to place any Defendant on notice as to any claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate

seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*

4411.009